## No. 735.

### G. W. YARBOROUGH, ADMR., VS. ROBERT A. BLANKS.

An exception of no cause of action is a general demurrer, and must be tried on the face of the papers.  The offer in evidence of the pleadings and process of the cause on trial is unnecessary and improper.

Yarborough *vs.* Blanks.

It is inconsistent pleading to set up defences to an action, and afterwards except to the petition as not disclosing any cause of action. In such case the exception should be overruled.

APPEAL from the District Court for Caldwell. ———, J.

*Caldwell* for Plaintiff. *Wear* for Defendant.

MANNING, C. J. The defendant answered the petition of plaintiff in this cause by a general denial, and by specific defences set forth in detail. Afterwards he offered to file an exception of no cause of action, an allegation necessary to make the cause of action complete being wanting.

The allegation which plaintiff had failed to make was, that defendant was a party to an antecedent suit touching the sale of the property, for the value of which the present suit is brought.

The plaintiff objected to the filing of this exception on two grounds:—

1. That it came too late, an answer having already been filed.

2. That the averments of the exception were inconsistent with and contradictory to the averments of the answer.

The court overruled the objections and the plaintiff reserved his bill. On hearing the exception, the court sustained it and dismissed the suit. The plaintiff appeals.

Testimony was offered and received on the trial of the exception. The defendant offered even the petition and process in this cause — the record of the suit then on trial. This was unnecessary and improper. The exception should have been heard and decided on the face of the papers.

Such exception is in the nature of demurrer, and for the purpose of its trial, all the averments of the petition are taken as true. Lewis *v.* New Orleans, 12 Ann. 190.

The allegation, of the want of which defendant complained, was not necessary to complete the plaintiff's apparent cause of action. It may be that the fact itself will be important for the defendant to prove in his defence. It is a matter of defence and not of exception. If he was not a party to a previous suit, or other proceedings relating to the same property, for which he is now sued, he can shew that fact on the trial. What may be the effect of such shewing, we do not now decide.

There would seem to be an inconsistency in answering a petition by setting up a defence to the action therein set forth, and afterwards excepting to that petition on the grounds that it did not set forth any cause of action.

The exception should have been overruled. If the allegations of the petition do not warrant the introduction of all the proof that plaintiff shall require to make out his case, it will be the defendant's right to object to the reception of such as may be inadmissible.

*Judgment reversed and case remanded.*